IN RE APPEAL FROM THE SCHOOL COMMITTEE OF PAWTUCKET.

The intent of the statutes relative to the election of a superintendent of schools of the city of Pawtucket is that he is to be chosen by the committee under which he is to serve.

The custom of a school committee can not change the law under which it is to act.

STINESS, C. J.   Members of the school committee of the city of Pawtucket appealed to the commissioner of public schools from the action of a majority of the committee in electing a superintendent of schools of said city, in April, 1904, whose office should commence on November 12, 1904.

Pub. Laws cap. 989, § 1, which is a re-enactment, with a slight amendment, of Gen. Laws cap. 54, § 8, provides that the school committee of each town shall elect a superintendent of public schools of the town at the first regular meeting of the school committee succeeding the annual election of the committee. Under the statute of construction, Gen. Laws cap. 26, § 8, the word "town" includes city. The charter of the city of Pawtucket requires an annual election of a superintendent of schools, but it does not fix the time.

The annual election for city officers in Pawtucket, including

the school committee, occurs on the Tuesday after the first Monday in November, in each year, the term of office to begin on the first Monday in January following. The term of members of the school committee is three (3) years, one-third of the members being elected each year. Under this provision one-third of the next school committee will be elected at the election to be held November 8, 1904, whose term will begin January 2, 1905.

The first regular meeting of the school committee thus constituted will occur in January, and the time fixed by law for the appointment of a superintendent of schools is at that meeting. Members of the present committee can not forestall that election, provided for by statute, any more than the present General Assembly, at its adjourned session in November, could elect officers whose election is provided for by law to be by the newly elected Assembly.

The agreed statement of facts sets out that, from the time of the adoption of the charter to the present time, superintendents of public schools of Pawtucket have been elected by the school committee at any time during the year at its discretion, and it has never followed the rule laid down for the government of towns in Gen. Laws cap. 54, § 8.

Assuming this to be so, it does not and can not abrogate the statute. The terms of a statute are superior to the acts of a municipal body. *Gray v. Granger,* 17 R. I. 201.

The custom of the school committee of Pawtucket can not change the law under which it is bound to act.

The clear intent of the statute is that the superintendent of schools shall be chosen by the committee under which he is to serve.

An election, therefore, by the present committee, of a superintendent who is to serve under the committee as it will be constituted after the election in November, is contrary to the purpose and provision of the statute and is void.